Please be seated. Could the clerk call the next case please? 3-13-0-4-6-8 People who serve the Lord as we proceed in the name of the Holy Spirit of Larry Guice, compelled by Demetri Galtas. Mr. Galtas, good morning. Good morning, Madam. You've had a busy call. I have. May it please the court, Demetri Galtas, Assistant Appellate Defender on behalf of Larry Guice, who defends the appellant. Your Honors, Mr. Guice is convicted of unlawful possession of heroin with the intent to deliver after the denial of a motion to suppress a request for a frank suing and a stipulated bench trial. In this appeal, we raise two issues. The first issue, we argue that there was not a substantial basis for finding a probable cause in the complaint for the search warrant for Larry's home, particularly where the complaint was devoid of temporal information necessary for finding a present probable cause. In the second issue, we argue that Mr. Guice was entitled to a Franks hearing where he made a substantial preliminary showing that Officer Lane included false statements in the complaint for a search warrant. I'll be focusing primarily on the first issue, the probable cause issue. If I have enough time, I'll go on to the Franks issue. Of course, I'll welcome any questions regarding both issues. With respect to probable cause, it's well established that finding a probable cause has to be a finding of present probable cause, meaning that in this case, Officer Lane had to demonstrate in this complaint that there was probable cause to believe that heroin was presently in Larry's home at the time he was requesting the search warrant. Now, it's well established in jurisdictions throughout the country, including by this Court, in People v. Homes, that where a complaint fails to state when the criminal activity alleged or incurred, you cannot find present probable cause. And that's the exact situation that we have here. Officer Lane, the way I look at this complaint is I break it down into three parts. The first part is you have three sources that link heroin sales or just drugs sales in general to Larry and his home. And then you have two other allegations I'll talk about later. But focusing on the first three sources, you have a confidential source, confidential informant versus separate, and the surveillance officers. They make various accusations along the lines of Larry's selling drugs from his home, he routinely does it, he's selling heroin from his home, Larry and his brother Reggie go back and forth between their apartments, which are across from one another while they perform these drug transactions. There is no temporal information in the complaint relative to these three sources. Therefore, we don't know when this criminal activity occurred. This court cannot find if it's timely or if it's stale. And because these are the only sources that link heroin sales or drugs sales in general to Larry and his home, that temporal omission is a fatal defect in the complaint. You cannot find present probable cause. Now, I do want to address there are two dates in the complaint. The first date is the date that the search warrant was issued for Larry's brother Reggie. That was on August 29th, which is a few days before Officer Lane was requesting the search warrant for Larry. The second date of information is September 1st, which is the date that Officer Lane was requesting the complaint. And that went to the day that Larry was in a car with his brother and two other women. The car was stopped, and the police found heroin, an unknown quality of heroin, on one of the female passengers. We don't know what the heroin was for, and we don't know what the relationship of that woman was to Larry. There is no statement in the complaint that links this dated information to the undated allegations so that we can in any way reasonably infer when the undated allegations occurred. So the dated information in the complaint does not save the complaint from being defected. The State on Appeal argues that, well, the temporal omission doesn't really matter because all the allegations in the complaint were stated in the present tense. This court in Holmes explicitly rejected that exact argument. And in Holmes, it mentioned that the majority of jurisdictions have likewise rejected that argument. And it noted that the few jurisdictions that have accepted it lack any substantial analysis in making that conclusion. And it emphasized that accepting that argument is dangerous. It used those words, dangerous. And that makes sense because just to use an example, if I was a constitutional informant and I was telling Justice Holdridge that so-and-so is selling drugs in your home today, presently selling drugs today, but you don't know from the complaint when I told you that, you still don't know when it happened. Because you don't know when that statement was made to the officer. So that's the problem with using present tense. That does not save the complaint. So based on that, when you eliminate frankly, because of the temporal omission, all the information provided by those resources is useless because you don't know if it's still or not. And I think the appropriate way to look at this complaint is really to excise that information from those resources. And what you're left with is the undated information or the dated information about when the search warrant was issued for Reggie and when the traffic stop occurred. That's nothing more than guilt by association. There is no information linking heroin sales to Larry and his home. And as we all know, guilt by association does not get you into someone's home to search for drugs. And if even if we accept everything it's true, why shouldn't the good faith exception apply? The good faith exception, I'll admit that there's not a lot of cases dealing with the good faith exception in this context, in the temporal omission context. I've cited several, and I would really like this court to take a look at the Hyson case and the Esparte Green. They're two cases that I've found that really get into a detailed analysis, and they find that the good faith exception does not apply when you have a temporal omission that makes the complaint fairly defective. It's our position also that taking into account the temporal omission, this complaint amounts to nothing more than a bare bones complaint. And of course, when you have a bare bones complaint, the good faith exception does not apply. What this comes down to ultimately is a complaint so lacking in additional probable cause that official belief into its existence is entirely unreasonable. A reasonably well-trained police officer, who is an officer charged with knowledge of a law that you have to demonstrate present probable cause, will look at this complaint, see that it's fairly defective, because when you look at the allegations of criminal activity, there's no dates, and you don't know when it occurred. And a reasonably well-trained officer would know that this does not state probable cause. Because there's no specific dates when the activities occur? You don't even have to have a specific date. You just have to know if it's timely. And we don't even have that. What about the language talking about reasonable inference? It's a continuing activity. If you look at the Hyphen case that I cited in my brief, selling drugs from the home is not a continuing activity. And the allegations may, in itself, allege that he's routinely selling drugs from his home, but we don't know when those sales occurred. Now, which case is that? It's United States v. Hyphen. It's a Sixth Circuit case that I cited in my brief. And I'd actually like to read a quote from that case. I think it addresses the concern that you were kind of leaning towards. And this is at the end of the opinion on page 489, right before the conclusion. And this is in the context of a good faith analysis. The court said in that quote, It is equally unacceptable in this case to assume, as did the district court, that the affidavit described recent events because that is usually the way that the investigations proceed. This inference connects an event in the affidavit with an insufficiently substantiated assumption about police practice, and as such is not a valid basis for rescuing the woman. So just because you have allegations in there that are saying that Larry routinely sells drugs from his home, you can't assume that it's timely and that this investigation is a timely investigation just because that's the way you would think it would normally proceed. You need dates in that affidavit. You need an explanation saying this occurred recently. There are presently drugs in Larry's home. And we don't have that. And it's not overly burdensome to say when criminal activity occurred and the informant told me this on this date. It's not overly burdensome. So aside from that, on this issue, we would submit not only is there a non-substantial basis for finding a problem of cause, but that the good faith exception does not apply. Therefore, we'd ask the court to reverse the trial court order, deny the motion to suppress, hold that the exclusionary rule bars all fruit from the unlawful search, and reverse Larry's conviction outright. Because without the fruit, the state cannot prove the crime as charged, which is possession with intent to deliver heroin in the amount of I believe it was 100 grams or more, but less than 400 grams. You need the drugs to prove the amount. And without the drugs, you can't do that. With regard to Frank's, we'd submit that Larry made a substantial preliminary showing that Officer Lane included false statements, either intentionally or recklessly, in the complaint. And he did that by comparing the complaint for Reggie with the complaint for himself, Larry. And that's the approach that was approved by the Seventh Circuit in the McMurtry case, which coincidentally appears to involve the exact same officers that are in this case, Officers Lane and Parrish. There are several factors that support the conclusion that there were false statements in the complaint when you compare the two. The first is when you look at what the first confidential informant stated to Officer Lane and his knowledge in between those two complaints. When you look at the second complaint, he has more information about the personal lives of Reggie. He knows Reg versus Reg, that he knows him as Reggie. Now in the second complaint he knows that Reggie has a brother named Larry, and that Larry is dating someone named Tasha. He didn't know that in the first complaint. In the second complaint, Officer Lane acquires Reggie's address through the confidential informant. Whereas in the first complaint, he acquires Reggie's address through his own investigation, by looking at Secretary of State records and looking at Peoria Police records. That's a contradiction. Either the informant tells you, or you learn it on your own. It's got to be one or the other. Additionally, the drugs that Reggie sells has changed. In the first complaint, it's cannabis. In the second complaint, it's now cannabis and heroin. Also, the method in which Reggie sold drugs has changed. In the first complaint, it's limited to telephone orders and meeting at predetermined locations so as not to attract attention to Reggie's home. Now, the informant is saying that Reggie's selling drugs from his house, and now the informant knows the exact address where Reggie lives. That's completely inconsistent with what was said in the first complaint, according to Officer Lane. It's our theory of the case that when you consider that inconsistent information in context, in that context being the traffic stop, that Officer Lane didn't first suspect that Larry was involved in heroin sales or drug sales at all until the traffic stop, where we found heroin on the female passenger, Natalie Brady, and then he arrested them, interviewed them, and found all of his personal information that, okay, Larry is Reggie's brother, and Larry is living with Tasha. Thank you. I think our theory is supported by several other factors. The first is that there was no control buy for Larry, and the second complaint gives the impression that you have a simultaneous investigation for both Larry and Reggie. If that's the case, why wasn't the control buy done for Larry? And that supports our theory that Officer Lane never suspected Larry to be involved in heroin sales until after the traffic stop. Additionally, there's an omission in the complaint. It gives the false impression that the first complaint was issued for Reggie for both heroin and cannabis. We know that not to be the case. The way that it's written, he says, the confidential informant told me that Reggie sells cannabis and heroin, and then right after that he says, we got a search warrant from Judge Gorman on such and such date without specifying what it was for. And if you read that, it gives the impression that it was for both cannabis and heroin, which it wasn't. Finally, the allegations of the second complaint in general are just vague. You don't know when they occurred because there's no temporal information. You don't know what the basis of knowledge is for the confidential source and the confidential informant. How did they come by this information that Larry was selling drugs? Did they buy from him? Were they ever in his home to see drugs? Or was this just word on the street that Larry sells drugs from his home? We don't know because it's not stated. So, based on all those factors, we think that it's reasonable to infer that Officer Lane included false statements in the complaint. And if you look at McMurtry, the standard is for substantial preliminary showing somewhere aligned between mere denials of the criminal allegations and a preponderance. You know, that doesn't have to be a preponderance. And what McMurtry says is, if you can reasonably infer from the defendant's offer of proof that false statements are in the complaint, you're entitled to a Franks hearing. With that said, we ask the Court to need the alternative to reverse and remand for a Franks hearing. Thank you, Mr. Goldfuss. Ms. Lucas? Good morning. Susan Lucas for the State. I am not going to march through my brief. I will try to go through some of the issues and reply to some of the arguments made. With regard to the first issue about the sufficiency of the search warrant, it really didn't get argued in the trial court. It was one of those things where we're going to get back to it, we're going to get back to it, and they never got back to it. I'm certainly not suggesting it wasn't preserved. It was preserved, but we're missing the benefit of arguments in the trial court. When counsel talks about the weakness of it being in the temporal aspect, there are several places in the complaint where it is talking about things in present tense or in continuing aspect. Reggie sells cannabis and heroin from 3315. Reginald and Larry go back and forth between both apartments when they're conducting their drug transactions. Surveillance officers observe both Reginald and Larry guys coming and going from both apartments conducting drug transactions from both apartments. Another quote, the occupants of the two apartments are constantly going back and forth between the two apartments and drugs are being sold from both apartments. There is nothing to suggest that that is stated. Counsel suggests that there has to be a date put on it or a sell-by on it and I suggest you that it's contemporaneous, very close to contemporaneous in the way that it's written and what we're looking at is the way that it's written. Not how someone could rewrite it. Also suggesting that selling drugs from a home is, as is not an ongoing activity. I don't know why not. It certainly can be. With regard to the good faith exception, as I say, I believe that the complaint for search warrant is sufficient, but if you should find that it is not, I think there really is a good faith exception here and to parse this in such a way that you pull away every piece of it as the court in Cook says, you can't tag the officer with knowing the fine points that an appellate court is going to do months later. He's charged with knowing the law, I'm not suggesting otherwise, but as the Cook case says, if the in and of itself defeats the exception, if there can't be an exception if there's not proper cause, then what is the exception? It's not an exception, it's a nullity. And we know that the Leon good faith exceptions really do exist. With regard to the remedy here, if you should find that the complaint for search warrant is insufficient, in most cases that would be voguing. And defense counsel asks that if you find that the search warrant is insufficient, that you reverse outright. I believe that's not correct. I believe if you find that the search warrant is insufficient, you should reverse and remand. I think it is an assumption to say that the case could not be made without the evidence that was the fruit of the search. In 99 cases out of 100, that would be a real good assumption. But it still is an assumption. It's not an assumption for you to make. It's not an assumption for me to make. It's not an assumption for anyone to make until it gets back down and the local prosecutors decide if they do have a case left. This is a very unusual situation. We've got co-defendants, we have due and search warrants, as you're well aware. We've got issues of things found in searches that arguably one or the other doesn't have standing to argue about. We have trial testimony under our belt in one of these cases. And it may well be that this case could still be made without the fruits of the search. And I don't think that decision should be made here. I think your decision is whether the search warrant was sufficient or not. I hope you find that it wasn't. I think the issue of whether the case can go forward or not goes back to the people who try to put the jigsaw together and decide whether they can go forward or not. What in the complaint allowed the trial judge to make a determination that there were currently drugs in Larry's house? There were continuing where they're saying constantly continuing this and that and back and forth between the two between the two residences and sales from the two residences. Well, I think that's as good as I can come to answering the question. The complaint for search warrant says they believe they saw them selling drugs from both houses, from both residences. When? They're saying it in the present tense up to the point where the complaint is signed. I mean, there is no date. I'm not going to pretend there's a date. But you're saying the continuous ongoing present tense language in the complaint is sufficient. Yes, sir. That's what I'm suggesting. I have a question because they do allege that drugs are being sold from both apartments and yet I don't see any information. They state that surveillance sees individuals going back and forth and that drugs are being sold from both apartments. But I don't see anywhere where there's any corroborating evidence where there's the CI or controlled by where they start in one apartment, go to the next, come back, and that there's anything other than the fact that individuals are in and out of this apartment and they are brothers, that people are going back and forth, but I don't see any allegation, a complaint, anything with the they say it came to this house and Reggie walked to Larry's and came back from Larry's with the drugs that were purchased and controlled by. I don't see anything that has other than we have this ongoing information but the first complaint only says that we had two instances where there was a controlled by, one within 72 hours. That's not the complaint in this case. I believe it's the other one. Right, right. So that's the closest that there's even the ongoing nature that's discussed where there's two controlled purchases and that's in the first complaint, that's in the original complaint, but there's only one date that links it. I mean, it could have been in 1985 that was the first one and then within 72 hours there was a second one and I don't know what that would call it. That's what I guess is confusing about to me or it concerns me about there being enough information about it going back and forth. I think there has to be something that says that it happened you know, more than once within a reasonable period of time. I know you said it's ongoing. I mean, it's so loose that does the requirement that you reign that in a little bit, that ongoing can't be 10 years ago and then again today. And I don't think there's anything when you read this complaint, and I'm looking at the complaint in this case, not the Reggie complaint, the Larry complaint. There's nothing that gives any suggestion that this was 10 years ago, that this was 1985. Could it be more time detailed? Sure. Do I wish it were? Sure. That's not the question. The question is whether it's sufficient or insufficient and I believe it shows a contemporaneous  alleges contemporaneous events. It's just constantly, that they're constantly, I mean, I guess that I'm confused. How does that I mean, what does that mean? Well, I think when all in one day, all in a week, all in a month, all in a year, you know, constant, I don't know what, there's no frame of reference for that. There's no, I've been there six times in the past three months. But what there isn't is there isn't a back-end frame of reference. There is a present front-end frame of reference. And when you talk about their brothers, of course, they're going back and forth. As I read this, I'm assuming they're talking about the brothers and customers are milling around back and forth. You also suggested, well, why didn't they do a controlled buy? I'm not sure that that's something you can do at the drop of a hat. What we're looking at, at least in this first issue here, is whether what they did is sufficient. You know, we could all improve on it. It's not, the issue isn't whether it could be better, the issue is whether it's sufficient. And if it's, and if there's any reason to believe that it's not, whether it falls within the good faith exception. Turning now to the Franks matters, as I certainly acknowledge, I believe that the trial court was in error in requiring the state to submit material prior to a Franks hearing being allowed. It's clear that prosecutors tried to resist it, it was clear that that was to no avail, and so it was submitted as it was ordered to be. So I'm not disputing that that was error, but I believe that this can be affirmed on the record as it stands without that. What you need for Franks showing is a substantial preliminary showing, not just accusations, not just questions, not just denials, but facts. You don't need to prove the dishonesty or prove the recklessness, but you need to show facts that hit a threshold. And we don't have that here. We have the kind of questions that you raise as a defense attorney where you're poking at something. And it's good question raising, but it's not what the defendant's obligation is in order to achieve the ruling to allow him to have a Franks hearing. Counsel argued quite a bit about how things changed from one complaint to the other. I think that's somewhat disingenuous, but even if not that, it tends to be misleading because that implies that in filing a complaint for a search warrant against Reggie, that they should have said everything they might know about Larry. Well, why? It would be all irrelevant then. So I don't know what they knew or didn't know at the time they did the Reginald complaint, and neither do any of us. I thought what he was saying was, well, in the Reggie complaint you say X, but in the Larry complaint you say Y, or if you knew this by Larry, why didn't you say it in Reggie? And that kind of comparison is what I was picking up on. I think he was making more than one argument about that, but that's what I was picking up on. Thank you. I guess I want to begin by addressing Council's argument as to this being something that's ongoing. I guess the question is, ongoing as of when and to what point? We don't know because the informant didn't say. And I think the problem that you have in this case, at least practically, is that concerning defendant's rights is when you have a temporal omission and you don't know when things occur, it doesn't account for the fact that someone may stop selling drugs. Let's assume that Larry has sold drugs at some unknown point in the past, in the past from his home, and that he stopped. And at the time that Osterling wants and gets a complaint, he wasn't selling it anymore. Temporal omissions do not account for that. And you cannot assume that if it was happening at one point, it's inherently ongoing, and it's going to be happening at the moment you request a search warrant. And again, going back to the Hyken case, at page 485 it says, the crime at issue in this case, the sale of drugs out of a residence, is not inherently ongoing because it can stop. Someone can come to their senses and say, hey, I'm not going to sell drugs anymore. I'm going to stop doing this. And assuming that Larry continuously sold drugs, it doesn't account for someone stopping that possibility. And that's a problem that impacts the defendant's rights just in general. With respect to whether or not to reverse or remand, the state says we need to leave it up to the parties down below and the attorneys down below. Well, you have an opportunity now to explain what the evidence is that you would present. You have the opportunity in your brief, and you have the opportunity before this court, and you haven't done it. And it's very, very simple. You have to prove that you possess with the intent to deliver at least 100 grams or more but less than 400 grams of heroin. And without those drugs in Larry's home, you can't show that. Because without the drugs you cannot prove a specific amount. And I set a case law in my brief that says without the drugs you cannot prove a charge. And it reversed outright. With respect to Frank's counsel's argument, all we have is questions. We have some pretty legitimate questions in addition to the inconsistencies that I talked about in my brief and before this court. And I think it's important to know that the trial court judge, Judge Quarry, was concerned. And even though he didn't get the procedure exactly right, the reason why he asked for the information about the confidential informant in order for the state to turn it over was because he was concerned about omissions from the first complaint for Reggie. He was concerned about, okay, you're giving me all this information about Larry in the second complaint, but if this is a simultaneous investigation, why didn't you include it in the first complaint? Why didn't you talk about heroin? Why didn't you talk about Larry? Why didn't you talk about the fact that these brothers are doing this together? He was concerned about that. It doesn't make sense why you wouldn't mention it. And counsel says I'm being disingenuous, but Officer Lane went as far as to talk about Reggie in the complaint for Larry. He offered up that information as reasons to get into Larry's home for a search warrant. Aside from that, I have nothing else to add. Unless the Court has any further questions, we ask that you reverse. Thank you. Thank you. We thank you both for your argument this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible.